**In re ENERGY COOPERATIVE, INC., Debtor.**

**ENERGY COOPERATIVE, INC., Plaintiff,**

**and**

**Getty Trading and Transportation Company, Houston Oil & Refining, Inc., Bountiful Corporation, Listo Petroleum, Inc., Catalytic, Inc., Topco Shareholders and Intercontinental Oil Company, Intervening Plaintiffs,**

**v.**

**FARMERS UNION CENTRAL EXCHANGE, INC., Farmers Petroleum Cooperative, Inc., FCX, Inc., Landmark, Inc., Land O'Lakes, Inc., Midland Cooperatives, Incorporated, MFA Oil Company and Tennessee Farmers Cooperative, Defendants.**

**Nos. 81–B–5811, 81 A 3286.**

United States District Court, N.D. Illinois, E.D.

Nov. 21, 1984.

Order Feb. 4, 1985.

See also, 55 B.R. 957.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This matter comes before the court on two separate motions: the plaintiff and intervening plaintiffs' Joint Motion for an Expedited Ruling on the Application for Determination as to Proper Party and the Motion of Certain Parties to Withdraw as Intervening Plaintiffs and Putative Class Representatives.

The parties are familiar with the facts. In May, 1981, Energy Cooperative, Inc. (ECI) filed a Chapter 11 petition under the Bankruptcy Code. On May 31, 1984, the matter was converted to Chapter 7 proceedings, and a trustee was appointed.

In October, 1981, ECI commenced this action against its Member-Owners, a group of agricultural cooperatives which owned all of ECI's stock. The original complaint, which presently constitutes Count I of the pending complaint, seeks to enforce against the Member-Owners certain agreements to fund ECI in amounts sufficient to pay all debts.

In April, 1983, ECI filed an amendment to the complaint, which presently constitutes Count II of the pending complaint. Count II seeks to impose joint and several liability on the Member-Owners in such amounts as may be necessary to pay all obligations of ECI. It contends that ECI should be viewed as the alter-ego and agent of the Member-Owners and that the Member-Owners should be held jointly and severally liable to ECI by virtue of facts that warrant "piercing the corporate veil."

In December, 1983, the intervening plaintiffs, seven unsecured creditors of ECI, sought to intervene with respect to Count II, and permission was granted in April, 1984. The intervenors' complaint adopts Count II of the complaint and seeks the same relief.

The intervening plaintiffs seek to bring the intervenors' complaint as a class action,

and thus to "pierce the corporate veil" on behalf of all unsecured creditors of ECI. They and the trustee now ask the court to determine whether the unsecured creditors or the trustee are the proper parties to bring the action. Additionally, certain of the intervening plaintiffs request leave to withdraw, alleging changed circumstances.

### Motion for Expedited Ruling on Application for Determination as to Proper Party

Intervening plaintiffs, jointly with the trustee in bankruptcy for ECI, ask the court to determine whether Count II of the pending complaint is properly prosecuted by the trustee, by the intervening plaintiffs, or by both. The movants maintain that ECI has limited resources with which to conduct a wide range of legal proceedings in connection with the bankruptcy, and thus in order to determine how best to allocate resources, the trustee needs a judicial determination of who owns the claim. The defendants urge the court to deny the motion on four separate grounds.

First, the defendants maintain that nothing has changed since this court's ruling on April 6, 1984, when the court stated it was "not prepared to say at this time that it appears to a certainty that ECI's unsecured creditors can establish no facts showing that they have standing." Transcript of Proceedings, April 6, 1984, pp. 7–8. The defendants fail to note, however, the significance of the fact that the court was ruling as to the appropriateness of allowing intervention; the court stated that "at least *for present purposes*, this disposes of the Member-Owners' objection that ECI's creditors lack standing to assert claims against the Member-Owners." *Id;* (emphasis added). In that ruling, the court was complying with the Federal Rules' liberal pleading requirements and the Seventh Circuit's instruction that a motion to intervene should not be dismissed unless "it appears to a certainty that the intervenor is not entitled to relief under any set of facts which could be proved under the complaint." *Lake In-vestors v. Egidi Development,* 715 F.2d 1256, 1258 (1983).

■■■ The present motion, on the other hand, presents quite different considerations from those of the liberal pleading rules. As the plaintiffs point out, the Chapter 11 reorganization proceeding has been converted to a Chapter 7 liquidation proceeding. The trustee has indicated that he believes litigation should be prosecuted on behalf of the estate, but before committing ECI's limited resources to such litigation, ownership of the cause of action needs to be determined. Whether the active involvement of the unsecured creditors was previously necessary, as alleged, is unclear. That consideration is irrelevant in the present context, however, since a trustee of a bankrupt corporation represents creditors and is the proper party to bring suit against directors and stockholders for mismanagement, misappropriation of assets, or breach of fiduciary duty. *Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939); *Bayliss v. Rood,* 424 F.2d 142 (4th Cir.1970). Moreover, since the defendants allege no issues of fact material to the standing question, the Court fails to see how resolution of the issue at this stage of the proceedings could be prejudicial to the defendants as alleged.

Second, defendants argue that class certification should be determined before resolution of the standing issue to prevent having parties not presently before the court escape being bound by the court's determination. As the plaintiffs point out, however, courts regularly dismiss claims of putative class representatives because they fail to state a claim, without certifying the whole class. Moreover, a decision that the seven intervening creditors lacked standing would certainly be strongly persuasive in the event another creditor attempted to bring the suit. The court finds much more compelling the plaintiff's immediate dilemma of determining what amount of ECI's limited resources to devote to litigation which could possibly belong solely to other parties.

The court is similarly unpersuaded by the defendants' third argument against granting the present motion, i.e. the possibility of being reversed by the Seventh Circuit. Such a contingency is hardly an appropriate reason for a district court's failing to exercise its duty to act in the interest of fairness and justice when such action is needed.

Finally, the court disagrees with the defendants' characterization as an advisory opinion of a determination by this court as to which party owns Count II. Even though the Debtor-in-Possession in the Chapter 11 proceeding did not oppose the intervention of the intervening plaintiffs, the law is clear that a course of action that could properly be asserted by creditors prior to bankruptcy "is, in the event of the bankruptcy of the corporation, enforceable by the trustee." *Pepper v. Litton*, 308 U.S. 295, 307, 60 S.Ct. 238, 245–46, 84 L.Ed. 281 (1939); *Bayliss v. Rood*, 424 F.2d 142, 146 (4th Cir.1970). As the Fifth Circuit has stated, quoting the House Report accompanying the bill that eventually became the current Bankruptcy Code, one of the principal bankruptcy *betes noires* is the " 'race of diligence' of creditors to dismember the debtor" before its assets are exhausted. *In Re Mortgage America Corp.*, 714 F.2d 1266, 1274 (5th Cir.1983), *quoting* H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad. News 5963, 6296–97. Once a corporation files for relief under the Bankruptcy Code, the "trustee steps into the creditors' shoes for purposes of asserting state-law causes of action on their behalf." *Id.* at 1272. The trustee is now contending that he is the only party that properly can bring the claim against the defendants in a Chapter 7 proceeding. In light of the present motion of certain creditors to withdraw and without intending to cast unwarranted aspersions on any of the unsecured creditors, the court notes the commonsense general principle of the trustee stepping into the creditors' shoes to insure adherence to the pervasive Bankruptcy Code policy of equality of distribution among creditors. Determination of the issue, therefore, would not be a mere advisory opinion but rather, the resolution of a dispute between the trustee and the intervening plaintiffs which could save pointless expenditure of resources.

For the foregoing reasons, the Motion for Expedited Ruling on Application for Determination as to Proper Party is hereby granted. Although the question as to who owns the claim appears to be clearly one of law which the court is ready to resolve, the parties requested in the proceedings before the court on October 11, 1984, an additional brief time to submit briefs to the court on what that resolution should be. Accordingly, the plaintiff and intervening plaintiffs have until December 9, 1984 to submit a motion and a brief supporting statement as to who properly owns Count II and the defendants' response will be due on or before December 31, 1984.

### Motion of Certain Intervening Plaintiffs to Withdraw

■ Three of the intervening plaintiffs, Getty Trading and Transportation Company, Houston Oil & Refining, Inc., and Listo Petroleum, Inc., have moved to withdraw as intervening plaintiffs and as putative class representatives of the class consisting of all unsecured creditors of ECI. Movants assert that changing circumstances resulting, in large part, from the losses which they suffered in dealing with ECI have forced them to seek withdrawal. Defendants object to the motion unless the court grants it contingent upon certain terms.

Defendants request that the court either require the three intervening plaintiffs to be bound by the court's determination of who owns the Count II claim, or, in the event the class certification claim is taken up, require the movants to respond to the discovery request served last May.

Since the court in this ruling has indicated it will determine who owns Count II in the very near future, this Motion to Withdraw will be continued until the court decides the question of who owns Count II.

ORDER

In response to plaintiff and intervening plaintiffs' joint motion for an expedited ruling on the applicaiton for determination as to proper party, this court indicated on November 21, 1984, that after first providing a brief period of time for the parties to submit briefs to the court, it would determine who owns Count II of the pending complaint in the case. After careful consideration of the issues, the Court agrees with the trustee and the intervening plaintiffs that the cause of action which constitutes Count II of the complaint properly belongs to and should be prosecuted by the trustee, rather than the intervening plaintiffs. As this court noted in its November 21, 1984 memorandum opinion, a trustee of a bankrupt corporation represents creditors and is the proper party to bring suit against directors and stockholders for mismanagement, misappropriation of assets, or breach of fiduciary duty. *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939); *Bayliss v. Rodd*, 424 F.2d 142 (4th Cir.1970). Moreover, once a corporation files for relief under the Bankruptcy Code, the "trustee steps into the creditors' shoes for purposes of asserting state law causes of action on their behalf." *In Re Mortgage America Corp.*, 714 F.2d 1266, 1272 (5th Cir.1983).

Since the court has determined in this ruling that Count II of the amended complaint belongs solely to the trustee, the intervening plaintiffs' complaint is hereby dismissed.