KOCH REFINING, et al., Plaintiffs,

v.

FARMERS UNION CENTRAL EXCHANGE, INC., et al., Defendants.

No. 85 C 6745.

United States District Court, N.D. Illinois, E.D.

Dec. 23, 1985.

Laurence H. Levin, Steven B. Teplinsky, Latham & Watkins, Chicago, Ill., for plaintiffs.

H. Blair White, David M. Schiffman, Sidley & Austin, Chicago, Ill., Nathan P. Eimer, Sidley & Austin, New York City, for defendants.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This matter comes before the court on the defendants' motion to dismiss. For the following reasons, the motion will be granted.

This action is one of many stemming from the insolvency of Energy Cooperative, Inc. (ECI). The plaintiffs in this lawsuit are a number of oil companies which have been sued in separate litigation by the trustee in bankruptcy to recover alleged preferences under the Bankruptcy Code. The oil companies here seek a declaratory judgment that the defendants, the member-owners of ECI, operated ECI as their alter ego and are therefore jointly and severally liable for all of ECI's debts. The plaintiffs also seek a declaration that, should the trustee prevail in his preference actions against the plaintiffs, the member-owners are liable to the plaintiffs for any amounts recovered thereby.

This lawsuit is before this court following a finding of relatedness between this case and one brought by the trustee against the member-owners, referred to by

the parties here as "the member-owner litigation." In the member-owner litigation, the trustee is seeking to impose joint and several liability on the member-owners in such amounts as might be necessary to pay all obligations of ECI. The complaint alleged that ECI should be viewed as the alter ego and agent of the member-owners and that the member-owners should be held jointly and severally liable to ECI by virtue of facts that warrant "piercing of the corporate veil." In essence, the allegations are the same as those made by the plaintiffs here. Seven unsecured creditors then intervened as plaintiffs, forcing the court to decide whether the unsecured creditors or the trustee could properly bring this action. The court ruled:

> After careful consideration of the issues, the court agrees with the trustee and the intervening plaintiffs that the cause of action ... properly belongs to and should be prosecuted by the trustee, rather than the intervening plaintiffs.... [A] trustee of a bankrupt corporation represents creditors and is the proper party to bring suit against directors and stockholders for mismanagement, misappropriation of assets, or breach of fiduciary duty.

*Energy Cooperative, Inc. v. Farmers Union Central Exchange, Inc.*, 58 B.R. 132, 136 (N.D.Ill. 1985).

The member-owners have now moved to dismiss the complaint in this case on the grounds that the plaintiffs lack standing to bring this claim, that the complaint essentially seeks indemnity and as such fails to state a claim upon which relief can be granted, and that the suit will not ripen into a justiciable case or controversy unless and until the plaintiffs are found liable to the estate. I need only address the first of these arguments.

▮ The plaintiffs assert that they have standing to sue the member-owners for breach of fiduciary duty and misuse of the corporate form because they have been harmed by such actions. The plaintiffs reason that had the member-owners not breached their duty to ECI and treated ECI as their alter ego, ECI would not have become insolvent, and the plaintiffs would not now be defendants in the preference actions and face the possibility of becoming creditors of ECI. Status as a creditor or a potential creditor is not enough to confer standing upon the plaintiffs. Contrary to the plaintiffs' assertion, standing requires more than a showing of actual or threatened injury. The doctrine of standing also requires that a plaintiff be the proper party to assert the particular legal issue. *Singleton v. Wulff*, 428 U.S. 106, 112, 96 S.Ct. 2868, 2873, 49 L.Ed.2d 826 (1976); *Peoples Gas, Light & Coke Co. v. United States Postal Service*, 658 F.2d 1182, 1193 (7th Cir.1981).

▮ The proper party to bring suit against directors and stockholders of a bankrupt corporation for mismanagement, misappropriation of assets, or breach of fiduciary duty is the trustee of the estate. Damages resulting from the neglect of duty by a corporate fiduciary are recoverable by the corporation, and the right to recover such damages passes to the trustee in bankruptcy. *In re O.P.M. Leasing Services, Inc.*, 28 B.R. 740, 759 (Bankr.S.D.N.Y.1983); *In the Matter of Happy Time Fashions, Inc.*, 7 B.R. 665, 670 (Bankr.S.D.N.Y.1980); R. Ginsberg, Bankruptcy ¶ 5103 (1985). Since the plaintiffs are not the proper parties to recover damages from the members, they also lack standing to obtain a declaratory judgment. 10A C. Wright, A. Miller, & M.K. Kane, Federal Practice & Procedure § 2757 (2d ed. 1983).

The plaintiffs have attempted to distinguish this court's February 4, 1985 ruling that creditors of ECI were not the proper parties to bring similar claims seeking to pierce the corporate veil. The plaintiffs argue that that decision does not apply to them because they are not creditors of the estate. The gist of that ruling, however, was that the cause of action belongs to the trustee in bankruptcy. The fact that these plaintiffs are only potential creditors rather than actual creditors does not mean that these plaintiffs are the proper parties to raise the alter ego issue; indeed, it means only that any injury suffered by these

plaintiffs is more speculative. Therefore, the court finds that these plaintiffs lack standing to sue and that the complaint must be dismissed.